In the Matter of ALVIN TAHLOR, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 22, 1991

APPEARANCES OF COUNSEL

*Robert H. Straus (Vincent J. Carroll, Jr.,* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding the respondent was charged with four allegations of professional misconduct. The Special Referee

sustained charges one, two and four and failed to sustain charge three. The petitioner moves to confirm the report of the Special Referee.

Charge one alleged that the respondent converted to his own use client funds entrusted to him to be held in escrow pending the sale of real property, in that, on January 25, 1985, the respondent deposited a check in the amount of $11,700 payable to "Alvin Tahlor, Esq., as Attorney" into his escrow account; that by January 28, 1985, the balance in the escrow account had been reduced to $2,127.47, although no funds were disbursed to either the prospective purchasers or to the sellers until 1988, and that between January 25, 1985, and January 1988 the balance in the account fell below $11,700 on numerous other occasions.

Charge two alleged that the respondent gave deliberately false and misleading testimony when on August 8, 1985, he appeared at an examination before trial regarding a lawsuit pending in the Supreme Court, Kings County, wherein the respondent was one of the defendants and the subject of the lawsuit was the aforementioned $11,700 escrow deposit. The respondent stated under oath that he turned the proceeds of the $11,700 over to his clients on March 14, 1985, when in fact he had made no disbursal of the funds until 1988.

Charge four alleged that from at least 1985 through 1987, the respondent failed to keep complete and accurate records of his attorney escrow account in violation of section 691.12 (b) of the Rules Governing the Conduct of Attorneys of the Appellate Division, Second Judicial Department (22 NYCRR 691.12 [b]).

After reviewing all of the evidence, we agree with the report of the Special Referee sustaining the three charges, and agree further that the respondent is guilty of the aforementioned misconduct. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the medical problems the respondent was experiencing at the time of his misconduct. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Alvin Tahlor is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Alvin Tahlor is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.